UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD D. HEYER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANGELA KRUEGER, et al.,<br><br>　　　　Defendants. | Case No. 1:13-cv-01297 DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br>(Document 9)<br><br>ORDER REGARDING PLAINTIFF'S MOTION FOR CLARIFICATION<br>(Document 10)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY<br>(Document 12) |

　　　　Plaintiff Richard D. Heyer ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed his compliant on August 5, 2013, and the action was transferred to this Court on August 13, 2013. Plaintiff's complaint is awaiting screening.

A.　　Motion to Appoint Counsel

　　　　Plaintiff does not have a constitutional right to the appointment of counsel in this action. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the

1

Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn* 789 F.2d at 1331.

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. Moreover, at this time, there is no indication that Plaintiff is unable to articulate his claims. Therefore, Plaintiff's request for the appointment of counsel is HEREBY DENIED.

B.   <u>Motion for Clarification</u>

Plaintiff's action was transferred to this Court on August 12, 2013, and assigned case number 1:13-cv-1297 DLB (PC). Plaintiff should direct his future filings to this Court and use this case number.

C.   <u>Motion for Discovery</u>

On August 30, 2013, Plaintiff filed a motion for leave to serve a request for production of documents. It appears that Plaintiff is seeking a copy of his Central File.

First, discovery has not yet opened in this action. If the Court screens Plaintiff's complaint and finds that it states cognizable claims, the Court will issue an order opening discovery after Defendants file an answer.

Second, Plaintiff is entitled to review his Central File via an Olsen review. An institutional procedure exists for inmates to review their file and he does not need an order from this Court. *Larson v. Neubarth*, 2007 WL 137151, *1 (E.D.Cal. Jan.17, 2007).

Accordingly, Plaintiff's motion is DENIED.

IT IS SO ORDERED.

Dated:   **September 12, 2013**          /s/ *Dennis L. Beck*
                                         UNITED STATES MAGISTRATE JUDGE

2