# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD D. HEYER, | Case No. 1:13-cv-01297 DLB PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO AMEND AS MOOT<br>(Document 15) |
| v. | |
| ANGELA KRUEGER, et al., | ORDER DENYING PLAINTIFF'S MOTION FOR COURT ORDER |
| Defendants. | (Document 16) |

Plaintiff Richard D. Heyer ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed his compliant on August 5, 2013, and the action was transferred to this Court on August 13, 2013. Plaintiff's complaint is awaiting screening.

A. <u>Motion to Amend</u>

October 1, 2013, Plaintiff filed a Motion for Leave to File an Amended Complaint.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). In this case, a responsive pleading has not been served and Plaintiff has not previously amended his complaint. Therefore, Plaintiff may file an amended complaint without leave of the court.

1

1   It is unclear whether Plaintiff intended that his motion also serve as the amended complaint. The Court will not, however, treat the filing as an amended complaint.  If Plaintiff wishes to file an amended complaint, he must submit a single, complete amended complaint.  <u>Plaintiff is informed that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading</u>.  As a general rule, an amended complaint supersedes the original complaint. <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

B.   <u>Motion for Court Order Directed at CDCR Staff</u>

On October 9, 2013, Plaintiff filed a motion requesting that the Court order Corcoran prison staff to furnish his allotment of indigent envelops for legal correspondence.  The Court notes that Plaintiff did not tell staff that his request for envelopes was related to legal correspondence, but rather indicated that it was related to educational issues.  Plaintiff should be clear in his requests to prison staff and state the reasons behind his requests.  Nonetheless, for the reason discussed below, the Court cannot issue such an order.

The pendency of this action involving certain CDCR officials does not give the Court jurisdiction over any prison official at Corcoran State Prison and the Court cannot issue an order requiring prison officials to take certain action.  <u>See e.g.</u>, <u>Summers v. Earth Island Institute</u>, 555 U.S. 488, 493-494 (2009) (the plaintiff bears the burden of establishing standing for each form of relief he seeks in federal court); <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 101 (1983); <u>Mayfield v. United States</u>, 599 F.3d 964, 969 (9th Cir. 2010).

Accordingly, Plaintiff's motion is DENIED.

IT IS SO ORDERED.

Dated:   **October 17, 2013**                     /s/ *Dennis L. Beck*
                                                                UNITED STATES MAGISTRATE JUDGE

2