# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD D. HEYER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ANGELA KRUEGER, et al.,<br><br>　　　　Defendants. | Case No. 1:13-cv-01297 DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

Plaintiff Richard D. Heyer ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on August 5, 2013, and the action was transferred to this Court on August 13, 2013. Plaintiff filed a First Amended Complaint ("FAC") on November 18, 2013.[1] He names Tulare County Public Defender Angela Krueger and California State Prison ("CSP")- Sacramento Litigation Coordinator Linda Young as Defendants.

**A.    LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on August 30, 2013.

1

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id. Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.     SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated in Corcoran State Prison in Corcoran, California.

Plaintiff alleges that in March 2013, he transferred to CSP- Lancaster as punishment and was housed next to his documented enemy, Inmate McNutt.  On May 2, 2013, Plaintiff was remedially transferred to CSP- Sacramento.

On May 15, 2013, Tulare County Deputy Public Defender Defendant Krueger faxed Defendant Young a subpoena requesting Plaintiff's entire central file "on behalf of enemy McNutt." FAC 2.[2]

On June 7, 2013, after a lapse of 23 days, Defendant Young served the subpoena on Plaintiff. This was one day after the June 6, 2013, hearing date listed on the subpoena. As a result, Plaintiff contends that he was not given an opportunity to appear in Court.

Also on June 7, 2013, Plaintiff wrote Defendant Krueger an urgent letter questioning her purpose. He submitted an emergency appeal on June 9, 2013, and attempted to block the subpoena and advise officials that Defendant Young precluded Plaintiff from challenging the subpoena at the court hearing. On June 13, 2013, Plaintiff's emergency appeal was screened out as "beyond Dept. jurisdiction." FAC 2.

On June 16, 2013, Plaintiff wrote to Defendant Young and asked why she delayed giving the subpoena to Plaintiff for 23 days, and why she did not screen the subpoena. Also on June 16, 2013, Plaintiff wrote to Tulare District Attorney Tim Ward because he had not received a response from Defendant Krueger.

On June 25, 2013, Plaintiff wrote to the Internal Security Unit at CSP-Lancaster to brief them on McNutt's "politicing [sic] and his conspiracy with Defendant Kruger to obtain Plaintiff's records." FAC 2-3. Plaintiff states that criminal records are public records, but McNutt is not a member of the public because he is incarcerated. Plaintiff did not get a response to any of his letters.

On June 25, 2013, Plaintiff submitted an appeal addressing McNutt's "prison politicing [sic] and cohorting with his 'homegirl' and Tulare P. D. Angela Krueger." FAC 3. The appeal was rejected and sent to Defendant Young for review.

On June 30, 2013, Plaintiff wrote to the Attorney General's Office per Defendant Young's June 7, 2013, instructions. The Attorney General returned Plaintiff's letter and documents, suggesting that Plaintiff contact the Inspector General for staff complaints.

On August 13, 2013, Plaintiff wrote to the Office of Inspector General requesting that it investigate Defendant Young's staff misconduct.

---

[2] Attached to the FAC as Exhibit B is a copy of the Subpoena Duces Tecum in the case People v. Brian McNutt. The subpoena is dated May 14, 2013, and directed to the Custodian of Records at CSP Sacramento.

3

Based on these allegations, Plaintiff alleges (1) a violation of the Fourth Amendment based on Defendant Krueger's "plotting" with Inmate McNutt to obtain his central file; (2) a violation of Due Process based on Defendant Young's service of the subpoena 23 days after the hearing date; and (3) a violation of the Eighth Amendment based on Defendant Young's disclosure of an unedited copy of Plaintiff's central file.

Plaintiff requests damages as well as declaratory and injunctive relief.

## C.     DISCUSSION

### 1.     Fourth Amendment and Due Process Claim

Plaintiff alleges that the issuance of the subpoena was improper and that he was denied his due process right to challenge it.  As a threshold matter, whether the subpoena was proper and/or whether Plaintiff was denied any due process rights related to challenging it, are state court issues. In other words, Plaintiff's request to find any deficiency with the issuance of the subpoena would require this Court to interfere in the state court criminal action against Inmate McNutt.  A federal court cannot interfere with ongoing state criminal proceedings by granting injunctive relief absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions."  Younger v. Harris, 401 U.S. 37, 46, 53–54 (1971).  Although it is unclear whether the criminal proceedings against Inmate McNutt are ongoing, the Court will not interfere with the state court proceedings at this juncture.

Plaintiff further contends that he received notice of the subpoena *after* the date of the hearing at which he could have challenged the subpoena.  However, the June 6, 2013, hearing date listed on the subpoena was the time and place at which the individual responding to the subpoena was to provide documents *if the subpoena required a court appearance.*  In the subpoena at issue, the Custodian of Records of CSP-Sacramento was not required to attend the hearing if she provided documents directly to Defendant Krueger.  Plaintiff was provided with a copy of the Notice to Consumer under California Civil Code section 1798.24(k), which instructed Plaintiff to "provide the Attorney General's Office with copies of any objections lodged or motions filed regarding the release immediately."

4

Finally, Plaintiff's central file is not his personal property.  His central file belongs to the State of California, which means that he has no protected property interest and/or expectation of privacy.  As a general rule, a person only has a Fourth Amendment expectation of privacy in documents that he owns or possesses.  See  United States v. Miller, 425 U.S. 435, 440–442, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976) (rejecting Fourth Amendment challenge to bank disclosure of depositor information).  Plaintiff's central file is maintained by the State and possessed by the State.  Plaintiff did not, therefore, have a reasonable expectation of privacy in those records, and accessing those records did not constitute a search for Fourth Amendment purposes.  See Webb v. Goldstein, 117 F.Supp.2d 289, 296 (E.D.N.Y.2000) (rejecting Fourth Amendment claim under similar circumstances).

For these reasons, Plaintiff cannot state a claim under the Fourth or Fourteenth Amendment based upon the issuance of the subpoena.  These deficiencies cannot be remedied by amendment.

3.      Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (internal citations and quotations omitted).  Prison officials have a duty to take reasonable steps to protect inmates from physical abuse.  Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).  The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff.  E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

Here, Plaintiff states that Defendant Young's disclosure of an unedited copy of his central file to Inmate McNutt "multiplied an absolute threat of violence. . .towards Plaintiff in any yard blind spot, approaching unit corner, or particularly, from cellmates."  FAC 5.

Plaintiff's allegations, however, are nothing more than speculation.  He does not set forth facts to suggest that Defendant Young knew of, and disregarded, a substantial risk of harm to

5

Plaintiff.  Plaintiff also fails to set forth facts relating to any actual harm, or threat of harm.

Moreover, Plaintiff's allegations assume that Defendant Young gave Inmate McNutt an unedited copy of his central file in response to the subpoena.  However, the subpoena required Defendant Young to provide the records to Defendant Krueger.  Any contention that Inmate McNutt was provided with an unedited copy of Plaintiff's central file is speculative.

For these reasons, Plaintiff fails to state a claim under the Eighth Amendment.  Though it is unlikely that Plaintiff can correct this deficiency, he will be permitted to amend this claim.

### 4. Defendant Krueger

Plaintiff cannot state a claim against Defendant Krueger, who was acting in her capacity as a public defender at the time of the incident at issue.  Even though a public defender is "paid by government funds and hired by a government agency. . . his function was to represent his client, not the interests of the state or county."  Miranda v. Clark Cnty.,319 F.3d 465, 469 (9th Cir.2003)).  Because Defendant Krueger was performing the traditional function of a lawyer, she is not a state actor. Id.

Accordingly, Plaintiff cannot state a claim against Defendant Krueger and he cannot cure this deficiency by amendment.

**D.    CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim under section 1983.  Plaintiff will be given an opportunity to amend the **Eighth Amendment claim**, but he should only amend if he can do so in good faith.  Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

Dated:   **February 14, 2014**                        /s/ Dennis L. Beck
                                                                     UNITED STATES MAGISTRATE JUDGE