# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD D. HEYER,<br><br>  Plaintiff,<br><br>  v.<br><br>ANGELA KRUEGER, et al.,<br><br>  Defendants. | Case No. 1:13-cv-01297 DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Document 28) |

Plaintiff Richard D. Heyer ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on August 5, 2013, and the action was transferred to this Court on August 13, 2013.[1]

On February 14, 2014, the Court screened the complaint and dismissed it with leave to amend. Plaintiff was permitted to amend only the Eighth Amendment claim.

On February 28, 2014, Plaintiff filed a motion for reconsideration of the screening order.

## I.   LEGAL STANDARD

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on August 30, 2013.

demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

## II. DISCUSSION

Plaintiff's basis for his motion is his belief that the Court "misinterpreted" his complaint and "got it wrong." Mot. 1. Plaintiff believes that he has stated an Eighth Amendment claim against Defendants Young and Krueger based on his contention that (1) Defendant Krueger has gone beyond the performance of traditional legal functions; (2) Inmate McNutt's son threatened to kill Plaintiff; and (3) inmates did not have information about Plaintiff's criminal convictions until Defendant Young answered the subpoena.

Plaintiff's contentions, however, do not merit reconsideration. At most, Plaintiff simply disagrees with the Court's screening decision and the Court's application of the law to his complaint. Plaintiff has not shown clear error or other meritorious grounds for relief, and has therefore not met his burden as the party moving for reconsideration. Marlyn Nutraceuticals, Inc., 571 F.3d at 880. Plaintiff's disagreement is not sufficient grounds for relief from the order. Westlands Water Dist., 134 F.Supp.2d at 1131.

Moreover, Plaintiff's complaint has been dismissed with leave to amend. This means that he is free to allege facts in his amended complaint that he believes will cure the deficiencies identified in the screening order.

Plaintiff's motion is HEREBY DENIED, with prejudice, and Plaintiff is required to comply with the Court's order within thirty (30) days from the date of service of this order or this action will be dismissed with prejudice for failure to state any claims for relief under section 1983.

IT IS SO ORDERED.

Dated:   **March 5, 2014**                         /s/ Dennis L. Beck
                                                                        UNITED STATES MAGISTRATE JUDGE