# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD D. HEYER,<br><br>         Plaintiff,<br><br>    v.<br><br>ANGELA KRUEGER, et al.,<br><br>         Defendants. | Case No. 1:13-cv-01297 DLB PC<br><br>ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND |

Plaintiff Richard D. Heyer ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on August 5, 2013, and the action was transferred to this Court on August 13, 2013.[1]

Plaintiff filed a First Amended Complaint on November 18, 2013. Pursuant to Court order, he filed his Second Amended Complaint on July 10, 2014. He names Tulare County Public Defender Angela Krueger and California State Prison-Sacramento Litigation Coordinator Linda Young as Defendants.

**A.    LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on August 30, 2013.

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.     SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated in Corcoran State Prison in Corcoran, California.

By way of background, Plaintiff states that he first met Inmate McNutt in 2009, when inmates were "compacted" for bed space at R. J. Donovan prison. Plaintiff contends that Inmate

2

McNutt is a self-proclaimed "Neo-Nazi" who enforces violence against inmates with documented sex-related charges in their arrest record.  In August 2009, Plaintiff heard McNutt brag about having a friend, a Tulare County Deputy Public Defender, who could get an inmate's records at any time (Defendant Krueger).  Less than twenty-four hours after meeting, McNutt demanded Plaintiff's chrono and then attacked Plaintiff over old sex-related charges (prostitution and sexual battery).  Plaintiff was hospitalized for ten days with broken facial bones.

When he returned to prison, Plaintiff asked for a "keep away" chrono against Inmate McNutt.  Plaintiff didn't see him again until 2013, when Plaintiff was transferred to Lancaster.  Plaintiff filed an appeal related to his safety concerns.  Inmate McNutt was "furious" that Plaintiff filed a complaint against him.

Plaintiff was subsequently moved to Sacramento.  He alleges that Inmate McNutt asked Defendant Krueger to get Plaintiff's confidential file ASAP.  Plaintiff contends that Defendant Krueger "rubber-stamped" a records subpoena on behalf of Inmate McNutt and sent it to Defendant Young, Sacramento's Litigation Coordinator, on May 15, 2013.  The subpoena was issued in People v. McNutt, Tulare County Superior Court Case No. VCF035393-94.  Plaintiff contends, however, that Inmate McNutt did not have any ongoing court proceedings and that Defendant Krueger falsified the subpoena.[2]

On June 7, 2013, 23 days after the subpoena was faxed, Defendant Young served the subpoena on Plaintiff.  This was one day after the June 6, 2013, hearing date listed on the subpoena.  As a result, Plaintiff contends that he was not given an opportunity to appear in court.

Also on June 7, 2013, Plaintiff wrote Defendant Krueger an urgent letter questioning her purpose.  He submitted an emergency appeal on June 9, 2013, and attempted to block the subpoena and advise officials that Defendant Young precluded Plaintiff from challenging the subpoena at the court hearing.  On June 13, 2013, Plaintiff's emergency appeal was screened out as beyond the Department's jurisdiction.

On June 16, 2013, Plaintiff wrote to Defendant Young and asked why she delayed giving the subpoena to Plaintiff for 23 days, and why she did not screen the subpoena.  Also on June 16, 2013,

---

[2] Exhibit B is a copy of the Subpoena Duces Tecum in People v. Brian McNutt.  The subpoena is dated May 14, 2013, and directed to the Custodian of Records at CSP Sacramento.

1  Plaintiff wrote to Tulare District Attorney Tim Ward because he had not received a response from
2  Defendant Krueger.
3  On June 25, 2013, Plaintiff filed a second appeal on Inmate McNutt's "politicing [sic]" and
4  his conspiracy with Defendant Krueger to obtain Plaintiff's records.
5  On January 17, 2014, Plaintiff ran into McNutt's grown son, who is housed at Corcoran,
6  during a medical transport.  He called Plaintiff a "dead-ass prostitute" and told him that he was going
7  to kill him for snitching on his father.  Plaintiff believes that the other inmates who overheard the
8  "incriminating information" have also targeted him for reprisal.
9  Based on these allegations, Plaintiff alleges that Defendants Krueger and Young violated the
10 Fourth, Eighth and Fourteenth Amendments by releasing his confidential records.[3]

**C.    DISCUSSION**

Plaintiff was granted leave to amend only the Eighth Amendment claim.  However, while Plaintiff has expounded upon his allegations, his claims remain largely the same as those alleged in the First Amended Complaint.

   1.   Fourth Amendment and Due Process Claim

Plaintiff contends that Defendant Krueger improperly subpoenaed his confidential files on behalf of his documented enemy.  He also alleges that Defendant Young denied him his due process rights to challenge the subpoena by delaying service.  However, as the Court previously explained, whether the subpoena was proper and/or whether Plaintiff was denied any due process rights related to challenging it, are state court issues.  In other words, Plaintiff's request to find any deficiency with the issuance of the subpoena would require this Court to interfere in the state court criminal action against Inmate McNutt.  A federal court cannot interfere with ongoing state criminal proceedings by granting injunctive relief absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions." Younger v. Harris, 401 U.S. 37, 46, 53–54 (1971).  Although it is unclear whether the criminal

---

[3] Plaintiff attaches a December 20, 2013, order transferring his petition for writ of habeas corpus from Tulare to Kings County Superior Court.  In the order, the judge states that the court denied the release of any confidential files related to other inmates in the Brian McNutt case, and that if confidential files were released, the matter should be referred to the State Attorney General's Office.  ECF No. 38, at 59.  The petition was transferred back to the Tulare County Superior Court, and the court issued a further order explaining that Ms. Krueger was well within her ethical obligations in requesting complaints regarding her client.  The court further explained that the fact that her request was denied does not reflect any wrongdoing.  ECF No. 38, at 67.

proceedings against Inmate McNutt are ongoing, the Court will not interfere with the state court proceedings at this juncture.

Plaintiff further contends that he received notice of the subpoena after the date of the hearing at which he could have challenged the subpoena. However, the June 6, 2013, hearing date listed on the subpoena was the time and place at which the individual responding to the subpoena was to provide documents if the subpoena required a court appearance. In the subpoena at issue, the Custodian of Records of CSP-Sacramento was not required to attend the hearing if she provided documents directly to Defendant Krueger. Contrary to Plaintiff's belief, the hearing date was not a court hearing at which he could have challenged the subpoena. Plaintiff was provided with a copy of the Notice to Consumer under California Civil Code section 1798.24(k), which instructed Plaintiff to "provide the Attorney General's Office with copies of any objections lodged or motions filed regarding the release immediately."

Finally, Plaintiff's central file is not his personal property. His central file belongs to the State of California, which means that he has no protected property interest and/or expectation of privacy. As a general rule, a person only has a Fourth Amendment expectation of privacy in documents that he owns or possesses. See United States v. Miller, 425 U.S. 435, 440–442, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976) (rejecting Fourth Amendment challenge to bank disclosure of depositor information). Plaintiff's central file is maintained by the State and possessed by the State. Plaintiff did not, therefore, have a reasonable expectation of privacy in those records, and accessing those records did not constitute a search for Fourth Amendment purposes. See Webb v. Goldstein, 117 F.Supp.2d 289, 296 (E.D.N.Y.2000) (rejecting Fourth Amendment claim under similar circumstances).

Indeed, Plaintiff concedes that he does not have a property interest in his confidential records, but he nonetheless argues that Defendant Krueger was not permitted to unlawfully subpoena the records and "terrorize" Plaintiff with the consequences of giving the records to his enemy. ECF No. 38, at 17. Again, issues with the subpoena are not properly before this Court.

For these reasons, Plaintiff cannot state a claim under the Fourth or Fourteenth Amendment based upon the issuance of the subpoena. These deficiencies cannot be remedied by amendment.

The Court explained this to Plaintiff in the prior screening order, but he nonetheless continued to assert the claims.

### 2. Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

Here, Plaintiff contends that his life is in danger because of Defendant Krueger's "bad faith illegal records subpoena." He explains that now that his records have been uncovered, and it is custody's practice with "sex-cases" to ignore safety concerns, he faces violence. He also cites the threat from Inmate McNutt's son.

In the prior screening order, the Court explained that Plaintiff alleged only speculation, and failed to set forth facts to suggest that Defendant Young knew of, and disregarded, a substantial risk of harm to Plaintiff. In an attempt to correct this, Plaintiff states that Defendant Young knew of the substantial risk when she processed Defendant Krueger's subpoena on behalf of a documented enemy. Plaintiff believes that evidence in his records led Young to conclude that Plaintiff was a "weirdo sex-case deserving punitive treatment." ECF No. 38, at 17.

Plaintiff's allegations are again supported by nothing but his own fanciful speculation. For these reasons, Plaintiff fails to state a claim under the Eighth Amendment.

**D.     CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim under section 1983.

Plaintiff was given an opportunity to amend his Eighth Amendment claim, even though the Court noted that it was unlikely that he would be able to cure the deficiencies. Instead, Plaintiff repeated all of his claims, including the ones that the Court determined could not be cured by amendment. Plaintiff's amendments, if any, did not address the deficiencies and he therefore fails to state a claim under the Eighth Amendment. For these reasons, further amendment is not warranted.

Accordingly, Plaintiff's Second Amended Complaint is DISMISSED WITHOUT LEAVE TO AMEND for failure to state a claim under section 1983.

<u>This terminates this action in its entirety.</u>

IT IS SO ORDERED.

Dated:   **January 21, 2015**                     /s/ *Dennis L. Beck*
                                                              UNITED STATES MAGISTRATE JUDGE

7